UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RECARDO S. BEALE,<br><br>    Defendant | Criminal No. 25cr10102<br><br>Violations:<br><br><u>Counts One-Three</u>: Wire Fraud; Aiding and Abetting<br>(18 U.S.C. §§ 1343 and 2)<br><br><u>Forfeiture Allegation</u>:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

<u>INFORMATION</u>

The United States Attorney charges:

<u>General Allegations</u>

1.  Recardo S. Beale ("BEALE") was a resident of Quincy, Massachusetts. Defendant BEALE was a Jail Officer for the Suffolk County Sheriff's Department (the "SCSD") from approximately April 2021 to November 2021.

2.  The SCSD operates the House of Correction (the "House of Correction") located on Bradston Street in Boston. The House of Correction houses adult female and male inmates convicted in Massachusetts state courts of crimes resulting in prison sentences of two-and-a-half years or less.

3.  "Party A," "Party B" and "Party C" (referred to collectively as the "Parties") were personal acquaintances of BEALE.

1

Scheme to Defraud

4.     Between approximately October 2023 and February 2024, defendant BEALE falsely claimed to the Parties that as a law enforcement officer, he had access to repossessed vehicles that he could sell to them at a low price.  At various times, defendant BEALE identified himself to the Parties as a Sheriff, a Boston Police Detective, and/or a Massachusetts State Trooper.  He did not in fact hold any of these positions when he made such representations.  In exchange, from approximately October 2023 to approximately February 2024, the Parties gave tens of thousands of dollars using a variety of means, including cash, Zelle, CashApp and Walmart's money transmitting service to defendant BEALE for the purported repossessed vehicles.  Defendant BEALE never delivered any such vehicles to the Parties as there were no such repossessed vehicles that he had available for sale.

5.     As part of the scheme to defraud, defendant BEALE met with Party A and a representative for Party B (the "Party B Representative") (during separate meetings) at the House of Correction purportedly to show them repossessed vehicles that were available for sale and stored at the House of Correction.  When Party A and the Party B Representative arrived for the meetings, defendant BEALE did not have any vehicles to show them.  Defendant BEALE falsely represented that he could not show any vehicles because his captain/sergeant, whom he claimed was also involved in the sale of the vehicles, was not available.  One such meeting occurred on November 17, 2023 in which defendant BEALE met with the Party B Representative to purportedly show the Party B Representative a vehicle for sale.  Surveillance video from the House of Correction shows defendant BEALE standing in the lobby of the House of Correction before meeting with the Party B Representative.  BEALE can be seen wearing an SCSD

2

correction officer academy hoodie, blue tactical pants (like those worn by SCSD jail guards) and black boots, also similar to what jail guards wear:



6.      Defendant BEALE did not show any vehicles to the Party B Representative on November 17, 2023.

7.      In reliance on the false and fraudulent representations by defendant BEALE, the Parties paid money to him by various means, including cash and electronic funds transfers using payment apps like CashApp and Zelle, under the belief that defendant BEALE would actually deliver the vehicles to them in exchange for the money that they gave him.  It was material to the Parties that defendant BEALE represented himself to be a law enforcement officer and represented that he had access to repossessed vehicles in their decision-making to give defendant BEALE money for purported vehicles.

8.      In no case did defendant BEALE in fact deliver a vehicle to any of the Parties despite all of them giving money to defendant BEALE for vehicles.

9.      On October 14, 2023, Party A sent defendant BEALE a payment of $1,400 through the CashApp mobile pay application (which traveled via an interstate wire) as partial

payment for a purported Toyota vehicle.  Defendant BEALE never delivered any such Toyota to Party A.

10. On November 11, 2023, defendant BEALE sent a text message to Party B containing an image of a notarized bill of sale for a 2020 BMW X6, for a price of $9,500. The notarized bill of sale was materially false and fraudulent.  On November 13, 2023, defendant BEALE caused Party B to send approximately $2,000 (which traveled via an interstate wire) using Walmart's money transmitting service as partial payment for the 2020 BMW X6.

11. On February 22, 2024, Party C sent defendant BEALE a payment of $3,000 through the Zelle mobile pay application (which traveled via an interstate wire) as partial payment toward the purchase of Audi and Mercedes vehicles.  Defendant BEALE never delivered any such Audi or Mercedes vehicles to Party C.

COUNTS ONE - THREE
Wire Fraud; Aiding and Abetting
(18 U.S.C. §§ 1343 and 2)

The United States Attorney charges:

12. The United States Attorney alleges and incorporates by reference paragraphs 1-11 of this Information.

13. From in or about October 2023 until in or about February 2024, in the District of Massachusetts, and elsewhere, the defendant,

RECARDO S. BEALE,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | October 14, 2023 | Payment from Party A to defendant BEALE in the amount of $1,400 using CashApp |
| 2 | November 13, 2023 | Payment from Party B to defendant BEALE in the amount of $2,000 using the Walmart money transmitting service |
| 3 | February 22, 2024 | Payment from Party C to defendant BEALE in the amount of $3,000 using Zelle |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts One to Three, the defendant,

RECARDO S. BEALE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following assets:

   a. $6,400.00 to be entered in the form of a forfeiture money judgment;

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   b. cannot be located upon the exercise of due diligence;

   c. has been transferred or sold to, or deposited with, a third party;

   d. has been placed beyond the jurisdiction of the Court;

   e. has been substantially diminished in value; or

   f. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Respectfully submitted:

*/s/ John T. Mulcahy*
Caroline Merck
John T. Mulcahy
Assistant United States Attorneys
Dated:  March 24, 2025